UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TATE & LYLE TECHNOLOGY LIMITED and TATE & LYLE SUCRALOSE, INC., <br><br>Plaintiffs,<br><br>v.<br><br>AIDP, INC., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, CHANGZHOU NIUTANG CHEMICAL PLANT CO., LTD., U.S. NIUTANG CHEMICAL, INC., CJ AMERICA, INC., FORTUNE BRIDGE CO., INC., GREMOUNT INTERNATIONAL CO., LTD., GUANGDONG FOOD INDUSTRY INSTITUTE, HEBEI PROVINCE CHEMICAL INDUSTRY ACADEME, HEBEI RESEARCH INSTITUTE OF CHEMICAL INDUSTRY, HEBEI SUKERUI SCIENCE AND TECHNOLOGY CO., LTD., HEARTLAND PACKAGING CORPORATION, JSZ INTERNATIONAL, INC., L&P FOOD INGREDIENT CO., LTD., LIANYUNGANG NATIPROL (INT'L) CO., LTD., NU-SCAAN NUTRACEUTICALS, LTD., PROFOOD INTERNATIONAL, INC., RULAND CHEMISTRY CO., LTD., SHANGHAI AURISCO INTERNATIONAL TRADING CO., LTD., VIVION, INC., and ZHONGJIN PHARMACEUTICAL (HONG KONG) CO., LTD.,<br><br>Defendants. | C.A. No. 07-CV-2050-MPM-DGB<br><br>Chief Judge Michael P. McCuskey<br><br>Magistrate Judge David G. Bernthal |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659 BY GUANGDONG FOOD INDUSTRY INSTITUTE AND L&P FOOD INGREDIENT CO., LTD.**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1
II.  FACTS ................................................................................................................. 1
III. ARGUMENT ....................................................................................................... 3
IV.  CONCLUSION .................................................................................................... 9

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aetna Life Insurance Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470 (9th Cir. 1988)..................................................................................................1

*Continental Casualty Co. v. Marsh*, No. 01-C-0160, 2002 U.S. Dist. LEXIS 24534 (N.D. Ill. Dec. 18, 2002).........................................................1

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005)..................................................................4, 6, 8

*Fuji Photo Film Co. v. Benun*, 463 F.3d 1252 (Fed. Cir. 2006).....................3, 4

*Landis v. North America Co.*, 299 U.S. 248 (1936).........................................8

*In re Princo Corp.*, 478 F.3d 1345 (Fed. Cir. 2007)..............................3, 4, 5, 7

*In re Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof*, Inv. No. 337-TA-604 (I.T.C. May 7, 2007).......................................................................................................3

*Proxim Inc. v. 3Com Corp.*, 2003 U.S. Dist. LEXIS 2556 (D. Del. February 21, 2003)..................................................................................4, 6

*RZS Holdings, AVV v. Commerzbank, AG*, 279 F. Supp. 2d 716 (E.D. Va. 2003).......................................................................................................1

*Universal Tool & Stamping Co., Inc., v. Ventra Group, Inc.*, 1998 U.S. Dist. LEXIS 11541 (D. Ind. Jan. 28, 1998).......................................4, 6

*Verve, LLC v. Veriphone, Inc.*, 2004 U.S. Dist. LEXIS 23602 (N.D. Cal. Nov. 15, 2004)....................................................................................7, 8

**FEDERAL STATUTES**

19 U.S.C. § 1337..............................................................................................1, 2

28 U.S.C. § 1659...........................................................................................1, 2, 3

28 U.S.C. § 1659(a)..........................................................................................1, 9

## I. INTRODUCTION

Defendants Guangdong Food Industry Institute and L&P Food Ingredient Co., Ltd. (collectively, "GDFII") bring this motion to stay the proceedings in their entirety under Fed. R. Civ. P. 7 and CDIL-LR 7.1 because Plaintiffs Tate & Lyle Technology Limited and Tate & Lyle Sucralose, Inc. (collectively, "Tate & Lyle") have filed a complaint against GDFII and other defendants with the International Trade Commission ("ITC") under 19 U.S.C. § 1337, and the ITC has instituted an investigation based on that complaint. Pursuant to 28 U.S.C. § 1659(a), a stay of this action is mandatory upon request of a party with respect to any claim that involves the same issues before the ITC. Three of the four patents at issue in this case are presently involved in the ITC proceeding, and in both instances, Tate & Lyle alleges infringement of those patents. This Court has the inherent authority to stay the proceedings with respect to the fourth patent, and should do so in the interests of judicial economy and fairness to the parties.[1]

## II. FACTS

On March 2, 2007, Tate & Lyle filed the complaint in this action against several parties, including GDFII. (Dkt # 1.) The complaint alleges that various defendants infringe four different patents owned or licensed by Tate & Lyle: U.S. Patent Nos.

---

[1] By bringing this motion, GDFII does not waive any defenses contemplated by Rule 12, including lack of personal jurisdiction. *See RZS Holdings, AVV v. Commerzbank, AG*, 279 F. Supp. 2d 716, 718-19 (E.D. Va. 2003) (non-Rule 12 motion does not give rise to waiver of personal jurisdiction defense); *accord Continental Cas. Co. v. Marsh*, No. 01-C-0160, 2002 U.S. Dist. LEXIS 24534, at *8 - *10 (N.D. Ill. Dec. 18, 2002); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (motion to dismiss or stay proceedings pending resolution of state court action "did not seek relief provided under Rule 12(b) and hence was not subject to that Rule's restrictions"). GDFII has not been served, nor has it answered, the complaint in this action. GDFII brings this motion at this time solely to satisfy the timing requirements under 28 U.S.C. § 1659, discussed herein, which requires that a request for stay be made by the later of "30 days after the party is named as a respondent in the proceeding before the [ITC]" or "30 days after the district court action is filed." (emphasis added).

4,980,463 ("the '463 patent"), 5,498,709 ("the '709 patent"), 7,049,435 ("the '435 patent"), and 4,889,928 ("the '928 patent"). According to the complaint, all of these patents relate to processes involved in producing sucralose or chemical precursors or intermediates of sucralose, or isolating and recovering sucralose, a sweetener used in the food industry. For example, the complaint alleges that: the '463 patent claims "processes for chlorinating sucrose-6-ester to make 6', 4, 1'–trichloro-sucrose-6-esters (i.e., sucralose-6-esters)" (Dkt #1, ¶ 41); the '709 patent claims "processes for producing sucralose" without intermediate isolation of crystalline sucralose-6-ester (Dkt #1, ¶ 48); the '435 patent claims "processes for removing impurities" to isolate and recover sucralose (Dkt #1, ¶ 54); and the '928 patent claims, *inter alia*, "processes for preparing sucralose" (Dkt #1, ¶ 61). GDFII is accused of infringing two of these patents, the '463 patent and the '709 patent. (Dkt #1, ¶¶ 45-46, 51-52.)

On April 6, 2007, Tate & Lyle filed a complaint with the ITC under Section 337 of the Tariff Act of 1930, as amended ("Section 337"), 19 U.S.C. § 1337. (Hnath Decl., Ex. A.)[2] Tate & Lyle's ITC complaint alleges patent infringement against various respondents, including GDFII. Among the patents which Tate & Lyle accuses the respondents of infringing are the '463 patent, the '709 patent, and the '435 patent – three of the four patents at issue in this Court. (Ex. A, ¶¶ 201-207.) Tate & Lyle's specific allegations against GDFII in the ITC include, as in this Court, infringement of the '463 and '709 patents. (Ex. A, ¶¶ 54-56, 74-77, and 207.) Every defendant in this case is also

---

[2] The Declaration of Gary M. Hnath in Support of Motion to Stay Pursuant to 28 U.S.C. § 1659 by Guangdong Food Industry Institute and L&P Food Ingredient Co., Ltd., is being filed concurrently herewith.

2

accused of infringement by Tate & Lyle in its ITC complaint. (Dkt #1; Ex. A, pp. vi-vii and ¶¶ 19-110.)[3]

On May 7, 2007, the ITC instituted an investigation in response to Tate & Lyle's complaint, naming each of the defendants in this case (except for JSZ) as respondents in the ITC investigation. *In re Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof,* Inv. No. 337-TA-604 (I.T.C. May 7, 2007). (Hnath Decl., Ex. B.)

### III.  ARGUMENT

28 U.S.C. § 1659(a) provides as follows:

> (a) Stay. – In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court *shall* stay, until the determination of the Commission becomes final, *proceedings in the civil action with respect to any claim that involves the same issues involved in the proceedings before the Commission*, but only if such a request is made within –
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

(Emphasis added). The plain language of the statute is clear that a stay of these proceedings is mandatory if a party requests it with respect to *any claim that involves the same issues involved in the proceedings before the ITC*, provided that request is timely. *See In re Princo Corp.*, 478 F.3d 1345, 1356 (Fed. Cir. 2007)(§ 1659 "requires" stay of district court proceedings); *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir.

---

[3] One defendant in this proceeding, JSZ International, Inc. ("JSZ"), is not yet named as a respondent in Tate & Lyle's ITC complaint. However, Tate & Lyle's ITC complaint alleges upon information and belief that JSZ is infringing and that discovery in that proceeding will permit Tate & Lyle to amend its ITC complaint adding JSZ to the case. (Ex. A, ¶¶ 105-110.)

3

2006) ("district court must await a final decision from the Commission before proceeding with its action"); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, at *1-2 (N.D. Ohio Apr. 29, 2005) (court stayed action "[b]ased on the mandatory nature of" § 1659). Further, the Federal Circuit has recently made clear that this stay should remain in effect "until the [ITC] proceedings are no longer subject to judicial review." *Princo*, 478 F.3d at 1355.

The intent of § 1659 was to bring the United States into compliance with its treaty obligation under the General Agreement on Tariffs and Trade ("GATT") to provide "national treatment" for imported goods. *See, e.g.*, S. 3172, 102d Cong. § 2 (1993) (stating purpose of proposed § 1659 was to conform "title 28 of the United States Code to the provisions of the GATT to ensure that section 337 procedures can reach multiple parties in one forum"). The final version of § 1659 was enacted in 1994. *See* H.R. 5110, 104th Cong. (1994) (enacted). In order to comply with the GATT's requirement of national treatment for imports, § 1659 requires district courts, in response to a timely request, to stay civil actions that involve the same issues as an investigation before the ITC. *See. e.g.*, *Proxim Inc. v. 3Com Corp.*, 2003 U.S. Dist. LEXIS 2556 at * 2 (D. Del. February 21, 2003) ("Given the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the court was required to stay this action pursuant to 28 U.S.C. § 1659."); *Universal Tool & Stamping Co., Inc., v. Ventra Group, Inc.*, 1998 U.S. Dist. LEXIS 11541 at * 3 (D. Ind. Jan. 28, 1998) ("it is clear that a stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the United States International Trade Commission involve the same issues").

4

Here, GDFII has been named in this civil action as well as the ITC proceeding. GDFII has timely requested a stay of this civil action. Three of the patents for which Tate & Lyle alleges infringement in this Court – the '463 patent, the '709 patent, and the '435 patent – are also alleged to be infringed in the ITC investigation. Accordingly, these claims involve "the same issues involved in the proceedings before the" ITC and a stay with respect to Tate & Lyle's infringement allegations on these patents is mandatory. *See, e.g., Princo*, 478 F.3d at 1357 (staying action because a defendant met all the requirements of § 1659(a)). The stay should last until the ITC proceedings are no longer subject to judicial review. *Id.* at 1355.

Based on consultation with counsel for Tate & Lyle, it appears that Tate & Lyle does not oppose a stay with respect to parties that have appeared thus far, but may oppose a stay with respect to parties that have not appeared. GDFII opposes this position because it is contrary to the plain language of § 1659 which provides that the Court's "proceedings" with respect to any claim "that involves the same issues involved in the proceedings before the [ITC]" shall be stayed if "a party" requests it.

Tate & Lyle's goal may be to attempt to move for a default judgment with respect to the non-appearing parties (at least some of whom have not even been served yet). Even if Tate & Lyle obtains a default judgment against one or more of these defendants, any such defendant may be able to reopen the case. However, by that time it will be too late to move for a stay under § 1659, and there will then be a situation where some defendants are litigating the ITC patents in the district court concurrently with the ITC proceeding – precisely the situation the statute seeks to avoid. GDFII would be placed at a disadvantage if other parties were to conduct discovery and create a record with respect

5

to these patents that GDFII does not have an opportunity to participate in solely because of its use of the statutory right to stay the district court proceeding. Furthermore, that record would then be binding on some defendants but not others. The Court therefore may later have to rehear much of the same or closely related evidence, with many of the same parties, and relearn the same technology, at a later date.

Indeed, even if some of the appearing parties wish to proceed with the litigation, the statute prevents this by providing that the Court "shall" stay the proceedings with respect to any claims that involve "issues" that are also before the ITC. *See, e.g., Proxim,* 2003 U.S. Dist. LEXIS 2556 at * 2 (staying action as to all defendants despite fact that only one defendant was respondent in ITC action). Staying the entire proceeding will eliminate the need for duplicative discovery and the possibility of inconsistent results, and will result in a "tremendous savings of judicial time and resources." *Flexsys Americas,* 2005 WL 1126750, at * 4.

There is no basis for Tate & Lyle's suggestion that the Court should create an exception to the mandatory, broad stay set forth in § 1659. To the contrary, the case law supports GDFII's position that in light of the clear and unequivocal language in the statute, the stay is absolute. In *Universal Tool,* for example, the plaintiff asked the court to draft a stay order that would require the defendant to file a response to the complaint and allow discovery in the ITC proceeding to be used in the district court action. Noting the broad language of Section 1659, the *Universal Tool* court granted the stay and stated that it is "clear that such a stay [] shall be of the 'proceedings in the civil action' and hence the Court will not fashion an exemption to the stay . . . ." *Universal Tool,* 1998 U.S. Dist. LEXIS 11541 at * 3.

6

Similarly, in *Verve, LLC v. Veriphone, Inc.*, 2004 U.S. Dist. LEXIS 23602 (N.D. Cal. Nov. 15, 2004), the court had before it a motion to stay proceedings under § 1659, as well as motions for severance. The court granted the stay, but refused to rule on the motions for severance, noting that because it "stayed the proceedings *in their entirety*, the Court need not consider the motions to sever at this time." *Id.* at *5. (emphasis added).

GDFII's position is therefore consistent with the plain wording of the statute. It is also consistent with the legislative intent. "The purpose of § 1659 is to prevent separate proceedings on the same issues occurring at the same time" – in other words, "avoiding litigation in two forums at once." *Princo*, 478 F. 3d at 1355. "The statute is not limited to a stay of any district court determination of issues pending before the Commission; it extends to any district court 'proceedings' on a 'claim' involving issues pending before the Commission." *Id.* at 1356 (emphasis in original). It would undermine the intent of the statute if the district court litigation proceeds in any fashion against some parties, some of whom may even be customers of GDFII, while GDFII simultaneously defends the case at the ITC. The statute was intended to prevent having the same issues being litigated simultaneously in the district court and at the ITC.

The simple fact is that Tate & Lyle voluntarily chose to pursue parallel litigation before the ITC and in this Court. Under these circumstances, the statute provides for a stay of all proceedings in the district court while the case moves forward at the ITC. In light of the clear and unequivocal language of the statute, GDFII respectfully submits that all proceedings in this action should be stayed.

In addition to the above, it is also well-settled that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of

7

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Irrespective of § 1659(a), the Court should also stay the proceedings as to the above patents in the interest of judicial economy. The issues will be the same and the litigants are the same. It will save both the Court's and the parties' resources to focus on the ITC investigation. *See Verve, LLC v. Verifone, Inc.*, 2004 U.S. Dist. LEXIS 23602, at *5 (N.D. Cal. Nov. 15, 2004) ("The Court further exercises its inherent authority to stay proceedings to stay this civil action with respect to the Non-Moving Defendants, as they, too, are respondents in the ITC investigation, and it is in the interest of judicial economy that the Court stay this entire case pending the ITC's final determination.").

Moreover, the Court can and should also use its inherent and discretionary authority to stay the proceedings with respect to the '928 patent as well, even though the '928 patent is not presently identified in the ITC investigation. *See* H.R. Rep. No. 103-826, 1994 U.S.C.C.A.N., p. 3773, 1994 WL 548728, at *141 ("[t]he district court may use its discretionary authority to stay any other claims in the action before it"). As discussed above, it would be in the best interests of judicial economy and fairness to do so. The '928 patent involves technology closely related to the other patents in this case; if the Court proceeds on the '928 patent alone at this time, it may again end up rehearing much of the same or closely related evidence, with many of the same parties, and relearning the same technology, at a later date. Staying the proceedings with respect to the '928 patent will again result in a "tremendous savings of judicial time and resources." *Flexsys Americas,* 2005 WL 1126750, at * 4.

Furthermore, the '928 patent expires on September 16, 2007, and therefore the

8

only remedy available to Tate & Lyle with respect to this patent is damages for past infringement. Accordingly, Tate & Lyle will not suffer any prejudice if the litigation as to this patent is stayed. On the other hand, GDFII may again be placed at a disadvantage if other parties conduct discovery and create a record with respect to the technology at issue that they do not have an opportunity to participate in solely because they exercised their statutory right to stay the direct allegations against them. Therefore, the Court should stay the proceedings with respect to the '928 patent as well.

## IV. CONCLUSION

Pursuant to 28 U.S.C. § 1659(a) and its inherent authority, GDFII respectfully requests that this Court stay the present action in its entirety until the date that the determination of the proceeding presently pending before the ITC is no longer subject to judicial review.

Respectfully submitted,

Dated: June 1, 2007

/s/ Gregory J. Scandaglia
Gregory J. Scandaglia
SCANDAGLIA & RYAN
55 East Monroe, Suite 3930
Chicago, Illinois  60603
Tel: (312) 580-2020
Facsimile: (312) 782-3806

Counsel for Defendants
Guangdong Food Industry Institute and
L&P Food Ingredient Co., Ltd.

Of Counsel:

Gary M. Hnath
Goutam Patnaik
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000

9