E-FILED
Tuesday, 05 June, 2007   04:31:36 PM
Clerk, U.S. District Court, ILCD

03748-R4273
G:\73\R4273\R4273PMI 006
TKH:jeg

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| TATE & LYLE TECHNOLOGY LIMITED and TATE & LYLE SUCRALOSE INC., <br> *Plaintiffs,* <br><br> v. <br><br> AIDP, INC., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, CHANGZHOU NIUTANG CHEMICAL PLANT CO., LTD., U.S. NIUTANG CHEMICAL, INC., CJ AMERICA, INC., FORTUNE BRIDGE CO., INC., GREMOUNT INTERNATIONAL CO., LTD., GUANGDONG FOOD INDUSTRY INSTITUTE, HEBEI PROVINCE CHEMICAL INDUSTRY ACADEME, HEBEI RESEARCH INSTITUTE OF CHEMICAL INDUSTRY, HEBEI SUKERUI SCIENCE AND TECHNOLOGY, CO., LTD., HEARTLAND PACKAGING CORPORATION, JSZ INTERNATIONAL, INC., L&P FOOD INGREDIENT CO., LTD., LIANYUNGANG NATIPROL (INT'L) CO., LTD., NU-SCAAN NUTRACEUTICALS, LTD., PROFOOD INTERNATIONAL, INC., RULAND CHEMISTRY CO., LTD. SHANGHAI AURISCO INTERNATIONAL TRADING CO., LTD., VIVION, INC., and ZHONGJIN PHARMACEUTICAL (HONG KONG) CO., LTD., <br> *Defendants.* | CIVIL ACTION No. 2:07-cv-02050-MPM-DGB |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659 BY HEBEI SUKERUI SCIENCE AND TECHNOLOGY CO., LTD., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, AND JSZ INTERNATIONAL, INC.**

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659 BY HEBEI SUKERUI SCIENCE AND TECHNOLOGY CO., LTD., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, AND JSZ INTERNATIONAL, INC.**

Defendants Hebei Sukerui Science and Technology Co., Ltd ("Sukerui"), Beijing Forbest Chemical Co., Ltd. ("Forbest Chemical"), Beijing Forbest Trade Co., Ltd. ("Forbest Trade"), Forbest International USA, LLC ("Forbest USA"), and JSZ International, Inc. ("JSZ") (collectively, "the Sukerui Group") make this special appearance to submit this memorandum in support of their motion to stay all proceedings in this case until the final determination of a related matter now pending before the United States International Trade Commission ("ITC") entitled *In the Matter of Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof*, Inv. No. 337-TA-604 (the "ITC Investigation"), pursuant to 28 U.S.C. § 1659(a) and this Court's inherent authority.

The Sukerui Group makes a special appearance at this time because of the statutory requirement to file this request for a stay within 30 days of being named as a respondent in the related ITC proceeding. Sukerui, Forbest Chemical, and Forbest Trade are Chinese companies and have not yet been served with the complaint in this action. By virtue of this motion, the Sukerui Group does not consent to personal jurisdiction, venue, sufficiency of process, or sufficiency of service of process. The Sukerui Group does not in any way waive any other substantive or procedural rights or defenses. Rather, the Sukerui Group expressly reserves their rights to raise by motion, or otherwise, all defenses available, including but not limited to, any defenses under Rule 12 of the Federal Rules of Civil Procedure.

On May 31, 2007, Defendants U.S. Niutang Chemical, Inc. and Changzhou Niutang Chemical Plant Co., Ltd. filed a Motion to Stay Pursuant to 28 U.S.C. § 1659 and a Memorandum in Support Thereof. (Dkt. #20 & #21). On June 1, 2007, Defendants Guangdong

Food Industry Institute and L&P Food Ingredient Co., Ltd. filed a Motion to Stay Pursuant to 28 U.S.C. § 1659 and a Memorandum of Law In Support. (Dkt. #24 and #25). The Sukerui Group hereby joins in both of those motions.

## I. INTRODUCTION

This action for patent infringement involves four patents: U.S. Patent No. 4,889,928 ("the '928 Patent"), U.S. Patent No. 4,980,463 ("the '463 Patent"), U.S. Patent No. 5,498,709 ("the '709 Patent"), and U.S. Patent No. 7,049,435 ("the '435 Patent") (collectively, the "Asserted Patents"). Plaintiffs Tate & Lyle Technology Limited and Tate & Lyle Sucralose, Inc. (collectively, "Tate & Lyle") contend that the Sukerui Group, and the other defendants, have infringed those patents by manufacturing and/or selling food and beverage sweeteners, including sucralose, precursors and intermediates that are made by processes allegedly covered by the Asserted Patents, in Illinois and throughout the United States.

Shortly after commencing this action, plaintiffs Tate & Lyle filed a separate Complaint with the ITC seeking a general exclusion order preventing the importation of sucralose (or sweeteners containing sucralose) and intermediates allegedly made using Tate & Lyle's patented processes. Tate & Lyle's ITC Complaint names, *inter alia*, the Sukerui Group as respondents and alleges infringement of three of the same four patents asserted in this action – the '463 Patent, the '709 Patent, and the '435 Patent.[1]

28 U.S.C. § 1659 mandates that a district court action, like the present action, be stayed upon the timely request of a party in the district court action that is also a respondent in a co-

---

[1] Defendant JSZ has not yet been named as a respondent in the ITC Investigation, however, Tate & Lyle asserts in its ITC Complaint that discovery will permit it to amend its ITC Complaint to add JSZ to the investigation.

pending ITC proceeding, which involves the same issues as in the district court action. This request must be made within 30 days of being named as a respondent in an ITC action. Such stay is in effect until a final determination of the ITC proceeding, *i.e.*, until all appeals are exhausted. *In re Princo Corp.*, 478 F.3d 1345, 1353-55 (Fed. Cir. 2007). Here, both the instant district court action and the co-pending ITC proceeding involve many of the *same* issues and parties. This Court is required under Section 1659(a) to stay this case as to all of the named defendants with respect to three of the four patents at issue, *i.e.*, the three patents that are the subject of this action and the ITC action.

With respect to the remaining patent – the '928 Patent – this Court has wide discretion to enter a stay pending the outcome of the ITC Investigation. Extending the stay to the '928 Patent is justified because it relates to the same processes for making sucralose and intermediates and principles of judicial efficiency and economy would be served.

## II.    STATEMENT OF FACTS

### A.    The Asserted Patents

Plaintiff Tate & Lyle Technology Limited claims to be the owner of the four Asserted Patents, which relate to processes for manufacturing sucralose, intermediates or precursors used in the manufacture of sucralose. Sucralose is an artificial sweetener marketed under the name Splenda®. According to the complaint, all of these patents relate to processes involved in producing sucralose or chemical precursors or intermediates of sucralose, or isolating and recovering sucralose, a sweetener used in the food industry. For example, the complaint alleges that: the '463 patent claims "processes for chlorinating sucrose-6-ester to make 6', 4, 1'-trichloro-sucrose-6-esters (*i.e.*, sucralose-6-esters)" (Dkt. #1, ¶41); the '709 patent claims "processes for producing sucralose" without intermediate isolation of crystalline sucralose-6-

ester (Dkt. #1, ¶48); the '435 patent claims "processes for removing impurities" to isolate and recover sucralose (Dkt. #1, ¶54); and the '928 patent claims, *inter alia*, "processes for preparing sucralose" (Dkt. #1, ¶60). The Sukerui Group is accused of infringing all four of these patents. (Dkt. #1, ¶¶1-4).

### B.  The Infringement Allegations

Tate & Lyle alleges in its Complaint that the Sukerui Group manufactures and/or sells food and beverage sweeteners, including sucralose, that are made using processes covered by the Asserted Patents. (Dkt. #1, ¶¶31-34.) Tate & Lyle further alleges that the Sukerui Group makes and/or sells such sweeteners in Illinois and elsewhere throughout the United States. (*Id.*)

### C.  The ITC Investigation

On April 6, 2007, Tate & Lyle filed a complaint with the ITC urging the commencement of an investigation under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337. (Hackmann Decl.,[2] Ex. A). Tate & Lyle named as proposed respondents the same parties that are named as defendants in this case (except for JSZ).[3] Tate & Lyle contends that the Sukerui Group has infringed three of the four Asserted Patents – the '463 Patent, the '709 Patent, and the '435 Patent – in that it manufactures and sells for importation into the United States, imports, or sells after importation in the United States sucralose. (Hackmann Decl., Ex. A at ¶70). Tate & Lyle seeks a general exclusion order barring entry into the United States of sucralose made by various patented processes. (*Id.* at § XII) The ITC Investigation was instituted on May 10, 2007. (Hackmann Decl., Ex. B).

---

[2]  "Hackmann Decl." refers to the Declaration of Tamara Hackmann Support of Motion to Stay Pursuant to 28 U.S.C. § 1659 By Hebei Sukerui Science and Technology Co., Ltd, Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, and JSZ International, Inc., which is being concurrently filed.

[3]  As noted above, JSZ is not yet named as a respondent in the ITC investigation, but Tate & Lyle has already indicated that it intends to name them.

### III.     ARGUMENT

Section 1659(a) of Title 28 provides:

> (a)  Stay - In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court **shall** stay, until the determination of the commission becomes final, proceedings in the civil action with respect to any claim that involves the same issue involved in the proceeding before the Commission …

(Emphasis added). Courts have uniformly enforced this mandatory stay provision, recognizing that to do so not only avoids duplicative litigation, but also allows for a narrowing of the issues before a knowledgeable federal agency. *See, e.g.*, *Verve, LLC v. Verifone, Inc.*, 2004 U.S. Dist. LEXIS 23602, Case No. C 04-03659 JF (N.D. Cal. Nov. 15, 2004); *Universal Tool & Stamping Co. v. Ventra Group, Inc.*, 46 U.S.P.Q.2d 1799, 1998 U.S. Dist. LEXIS 11541 (N.D.Ind. Jan. 28, 1998), *see also Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, No. 5:05CV156, at *1-2 (N.D. Ohio Apr. 29, 2005); *Alloc, Inc. v. Unilin Décor N.V.*, 2003 U.S. Dist. LEXIS 11917, No. Civ.A. 03-253-GMS, at *7 (July 11, 2003).

As noted above, 28 U.S.C. § 1659(a) entitles the Sukerui Group, as party to both this case and the ITC Investigation, to a mandatory stay of Tate & Lyle's patent infringement claims that are common to both proceedings "until the [ITC] proceedings are no longer subject to judicial review." *Princo*, 487 F.3d at 1355. The Sukerui Group has timely moved to stay this action under § 1659(a) and, therefore, these proceedings as to the '463 Patent, the '709 Patent, and the '435 Patent should be stayed as a matter of right. This stay applies to *all* "proceedings in the civil action" and there may be no exceptions. *See Universal Tool*, 46 U.S.P.Q.2d at 1800 (refusing to require defendant to answer the complaint or to make any order relating to

6

discovery). Accordingly, the Court is required to enter a stay with respect to Tate & Lyle's claims against defendants for infringement of the '463 Patent, the '709 Patent, and the '435 Patent.

Separate and apart from its entry of a stay under § 1659, the Court has the power to grant a discretionary stay as to a patent asserted in this action, but omitted from the ITC Complaint, *i.e.*, the '928 patent. *See Flexsys*, 2005 WL 1126750 (staying case on patent that was not asserted in the ITC because the court "would benefit tremendously from a narrowing of the complex issues in this case"), at *3; *Alloc*, 2003 U.S. Dist. LEXIS, at *7 (staying case on patent that was not asserted in the ITC because the court would benefit from the other proceedings, which would "streamline discovery and subsequent litigation"). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay is appropriate if the decision in a separate proceeding may "narrow the issues in the pending case and assist in the determination of the questions of law involved." *Id.* at 253.

The remaining claims in this case are those based on the alleged infringement of the '928 Patent. These claims are completely interwoven with the adjudication of claims subject to the mandatory stay under § 1659(a) because they all relate to processes used in the manufacture of sucralose, intermediates and precursors. The '928 Patent, which has not been asserted in the ITC Investigation, relates to a process for making sucrose esters from sucrose. The patents asserted in the ITC Investigation also relate to various aspects of the manufacture of sucralose, precursors and intermediates. Discovery concerning the accused process used to manufacture sucralose,

precursors and intermediates in the ITC Investigation will significantly overlap with discovery in this case.

Furthermore, Tate & Lyle will not be prejudiced by a complete stay of this case. Sukerui, Forbest Chemical, and Forbest Trade (and likely other defendant who are located in China) have not been served with the Complaint. No discovery has occurred and no trial date has been set. Moreover, Tate & Lyle strategically chose to proliferate litigation by asserting one additional patent in this Court, a patent that differed from the patents asserted in the ITC. Tate & Lyle's apparent strategy was to defeat the mandatory stay provisions of § 1659(a) and subject the defendants to multiple actions. Other courts have rejected such a strategy and stayed entire cases pending resolution of the related ITC case. *See Flexsys*, 2005 WL 1126750, at *3; *Alloc*, 2003 U.S. Dist. LEXIS, at *7. The Court should not reward Tate & Lyle's tactical decision to use this Court's limited resources to impose on the Sukerui Group and the other defendants the burden of concurrently litigating the same issues before two tribunals.

Therefore, a discretionary stay of this entire action pending the outcome of the ITC Investigation will facilitate the orderly administration of this case with an economy of time and effort for this Court, the litigants, and counsel. *See Landis*, 299 U.S. at 254-55.

**IV.   CONCLUSION**

For all of the reasons set forth above, the Sukerui Group respectfully requests that the Court stay all proceedings in this case until the ITC's determination in *In the Matter of Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof*, Inv. No. 337-TA-604 becomes final and is no longer subject to judicial review.

| | |
|---|---|
| Dated: June 5, 2007 | <u>s/Tamara K. Hackmann</u><br>Edward Wagner<br>Tamara Hackmann<br>HEYL ROYSTER VOELKER & ALLEN<br>102 E. Main Street, Suite 300<br>P.O. Box 129<br>Urbana, IL 61803<br>Phone: 217-344-0060<br>Attorneys for Defendants Hebei Sukerui Science and Technology Co., Ltd, Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, and JSZ International, Inc. |
| *Of Counsel*<br><br>Marcia Sundeen<br>Michael M. Shen<br>KENYON & KENYON LLP<br>1500 K Street, NW<br>Washington, DC 20005<br>Phone: 202-220-4200<br>Attorneys for Defendant<br>Hebei Sukerui Science and Technology Co., Ltd. | Craig R. Smith<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Phone: 617-542-5070<br>Attorneys for Defendants<br>Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, and JSZ International, Inc. |

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Christopher P. Foley<br>Eric J. Fues<br>James R. Barney<br>Thomas L. Jarvis<br>Finnegan Henderson Farabow<br>  Garrett & Dunner, LLP<br>901 New York Avenue NW<br>Washington, DC 20001<br>Attorneys for Tate & Lyle Technology Limited and Tate & Lyle Sucralose, Inc. | James E. Peckert<br>Kehart Peckert & Booth<br>132 S. Water Street, Suite 200<br>P.O. Box 860<br>Decatur, IL 62525-0860<br>Attorneys for Tate & Lyle Technology Limited and Tate & Lyle Sucralose, Inc. |
| Kevin K. Tung<br>Suite CA-25<br>33-70 Prince Street<br>Flushing, NY 11354<br>Attorney for AIDP, Inc. | William J. Brinkmann<br>Thomas, Mamer & Haughey<br>P.O. Box 560<br>Champaign, IL 61824-0560<br>Attorneys for U.S. Niutang Chemical, Inc. |
| James Braden Chapman, II<br>Dann, Pecar, Newman & Kleiman<br>2300 One American Square<br>Indianapolis, IN 46282<br>Attorneys for Heartland Packaging Corp. | Gregory J. Scandaglia<br>SCANDAGLIA & RYAN<br>55 East Monroe, Suite 3930<br>Chicago, IL 60603<br>Attorneys for Guangdong Food Industry Institute and L&P Food Ingredient Co., Ltd. |
| Craig R. Smith<br>FISH & RICHARDSON PC<br>225 Franklin Street<br>Boston, MA 02110<br>Attorneys for Forbest International USA LLC | |

                                                s/Tamara K. Hackmann<br>
                                                Tamara K. Hackmann<br>
                                                Counsel for Defendants Hebei Sukerui Science and Technology Co., Ltd, Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, and JSZ International, Inc.<br>
                                                HEYL ROYSTER, VOELKER & ALLEN<br>
                                                102 E. Main Street, Suite 300<br>
                                                P.O. Box 129, Urbana, IL 61801<br>
                                                Phone: (217) 344-0060 - Fax: (217) 344-9295<br>
                                                E-mail: thackmann@hrva.com