**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| TATE & LYLE TECHNOLOGY LIMITED and TATE & LYLE SUCRALOSE, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 2:07-cv-02050-MPM-DGB<br>)<br>) |
| AIDP, INC., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, CHANGZHOU NIUTANG CHEMICAL PLANT CO., LTD., U.S. NIUTANG CHEMICAL, INC., CJ AMERICA, INC., FORTUNE BRIDGE CO., INC., GREMOUNT INTERNATIONAL CO., LTD., GUANGDONG FOOD INDUSTRY INSTITUTE, HEBEI PROVINCE CHEMICAL INDUSTRY ACADEME, HEBEI RESEARCH INSTITUTE OF CHEMICAL INDUSTRY, HEBEI SUKERUI SCIENCE AND TECHNOLOGY, CO., LTD., HEARTLAND PACKAGING CORPORATION, JSZ INTERNATIONAL, INC., L&P FOOD INGREDIENT CO., LTD., LIANYUNGANG NATIPROL (INT'L) CO., LTD., NU-SCAAN NUTRACEUTICALS, LTD., PROFOOD INTERNATIONAL, INC., RULAND CHEMISTRY CO., LTD., SHANGHAI AURISCO INTERNATIONAL TRADING CO., LTD., VIVION, INC., and ZHONGJIN PHARMACEUTICAL (HONG KONG) CO., LTD., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION IN PART TO MOTIONS TO STAY BROUGHT BY DEFENDANTS BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, CHANGZHOU NIUTANG CHEMICAL PLANT CO., LTD., U.S. NIUTANG CHEMICAL, INC., GUANGDONG FOOD INDUSTRY INSTITUTE, HEBEI SUKERUI SCIENCE AND TECHNOLOGY, CO., LTD., HEARTLAND PACKAGING CORPORATION, JSZ INTERNATIONAL, INC., AND L&P FOOD INGREDIENT CO., LTD.**

Plaintiffs Tate & Lyle Technology, Ltd. and Tate & Lyle Sucralose, Inc. (collectively, "Plaintiffs Tate & Lyle") hereby submit their Opposition in Part to Defendants Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, Changzhou Niutang Chemical Plant Co., Ltd., U.S. Niutang Chemical, Inc., Guangdong Food Industry Institute, Hebei Sukerui Science and Technology, Co., Ltd., Heartland Packaging Corporation, JSZ International, Inc., and L&P Food Ingredient Co., Ltd.'s ("Moving Defendants") motions to stay this action.

## I. INTRODUCTION

Several, but not all, defendants in this action have moved under 28 U.S.C. § 1659 for a stay of proceedings with respect to patents at issue here that are also at issue in a co-pending investigation of the U.S. International Trade Commission ("ITC"). Those Moving Defendants have also moved under the Court's inherent authority for controlling its docket for a stay of these proceedings with respect to U.S. Patent No. 4,889,928 which is not at issue in the ITC investigation but pertains to related subject matter. The Moving Defendants have additionally moved for a stay of proceedings with respect to other defendants that did not join in the motions. The Moving Defendants have further moved for a stay of these proceedings to preclude motions for default judgment against non-appearing parties and the Court's disposition of such motions. Finally, the Moving Defendants have moved for a stay of these proceedings to preclude motions that will lead to the dismissal of the action with respect to other defendants.

Plaintiffs do not oppose the Moving Defendant's exercise of their statutory right to a stay of these proceedings with respect to patents that are also at issue in the ITC proceedings, nor a discretionary stay of proceedings with respect to the additional patent here that is not at issue in the ITC proceedings, but pertains to related products. As explained below, however, Plaintiffs do oppose the Moving Defendants' attempts to improperly perpetuate these proceedings with

2

respect to other defendants that are in default, that would submit consent orders, or that consent to motions that would dispose of the action with respect to themselves.

Plaintiffs Tate & Lyle acknowledge that parties in a district court action that are also respondents in an ITC investigation have the right under 28 U.S.C. § 1659 to a stay of the district court action with respect to "any claim that involves the same issues involved in the proceedings before the Commission." Accordingly, Plaintiffs Tate & Lyle do not oppose the motion to stay the proceeding with respect to U.S. Patent Numbers, 4,980,463; 5,498,709; and 7,049,435 that are at issue in the instant action and that are also at issue in *Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof*, U.S. International Trade Commission Investigation No. 337-TA-604.

Plaintiffs Tate & Lyle also acknowledge that the Court has the discretion to stay its proceedings in the interest of efficiency and fairness for the Court, counsel, and the litigants with respect to the additional patent at issue here that is not at issue in the ITC investigation. That additional patent pertains to alternative methods used in the manufacture of sucralose, and it is possible that some fact and expert witnesses must testify with respect to some or all of the other patents at issue. Accordingly, Plaintiffs Tate & Lyle do not oppose stay of this action for purposes of judicial economy with respect to U.S. Patent No. 4,889,928, the one additional patent at issue in this action that is not at issue in the ITC investigation.

However, the additional stays requested by the Moving Defendants are directed to preventing the efficient and fair conservation of resources by the Court, counsel, and the parties. It is beyond dispute that those additional stays are not mandated by 28 U.S.C. § 1659. In addition, the Moving Defendants' seek stays that would apply to non-moving parties—parties on whose behalf the Moving Defendants have no standing to act and who have apparent adverse

interests. Further, the Moving Defendants' broad and restrictive stay would impose their commercial and litigation objectives on non-moving parties and would preclude those other parties from resolving in the near term their disputes with Plaintiffs Tate & Lyle, which would conserve the resources of this Court, counsel, and the nonmoving parties. Accordingly, Plaintiffs Tate & Lyle oppose the Moving Defendants' requests for a stay with respect to parties that have not joined the motion—most of which apparently intend upon defaulting—and oppose the motions with respect to parties that consent to motions that would dispose of the action with respect to themselves.

A form of order implementing the appropriate stay is attached.

## II.   PROCEDURAL BACKGROUND

On March 2, 2007, this action for infringement of four patents was filed by the patent owner and licensee Plaintiffs Tate & Lyle against 23 manufacturers and distributors of sucralose— AIDP, Inc., Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA, LLC, Changzhou Niutang Chemical Plant Co., Ltd., U.S. Niutang Chemical, Inc., CJ America, Inc., Fortune Bridge Co., Inc., Gremount International Co., Ltd., Guangdong Food Industry Institute, Hebei Province Chemical Industry Academe, Hebei Research Institute Of Chemical Industry, Hebei Sukerui Science And Technology, Co., Ltd., Heartland Packaging Corporation, JSZ International, Inc., L&P Food Ingredient Co., Ltd., Lianyungang Natiprol (Int'l) Co., Ltd., Nu-Scaan Nutraceuticals, Ltd., Profood International, Inc., Ruland Chemistry Co., Ltd., Shanghai Aurisco International Trading Co., Ltd., Vivion, Inc., And Zhongjin Pharmaceutical (Hong Kong) Co., Ltd.

Service of the Complaint and Summons on all of the domestic defendants but one was completed by April 19, 2007. Service of the remaining domestic defendant—JSZ International,

4

Inc.—was not made due to reports that the business had closed and the principal had left the country.  Service on the foreign defendants under the Hague Convention is in progress.

On April 6, 2007, Plaintiffs Tate & Lyle filed a complaint before the U.S. International Trade Commission under Section 1337 of the Tariff Act of 1930, 19 U.S.C. § 1337, alleging unfair practices in import trade in the form of infringement of five patents by twenty-two of the defendants in this action.  On May 7, 2007, the ITC instituted an investigation entitled *Certain Sucralose, Sweeteners Containing Sucralose, and Related Intermediate Compounds Thereof*, Inv. No. 337-TA-604.  At issue in the ITC investigation are U.S. Patent Nos. 5,470,969, 5,034,551, 4,980,463, 5,498,709, and 7,049,435.

On May 31, 2007, Defendants U.S. Niutang Chemical, Inc. and Changzhou Niutang Chemical Plant Co., Ltd. filed a Motion to Stay Pursuant to 28 U.S.C. Section 1659 and supporting papers; Plaintiffs' response to that Motion is due no later than June 18, 2007.  On June 1, 2007, Defendants Guangdong Food Industry Institute and L&P Food Ingredient Co., Ltd. filed a Motion To Stay Pursuant To 28 U.S.C. Section 1659 and supporting papers; Plaintiffs' response to that Motion is due no later than June 18, 2007.  On June 5, 2007, Defendants Hebei Sukerui Science and Technology Co., Ltd, Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International USA LLC, and JSZ International, Inc. filed a Joint Motion To Stay Pursuant To 28 U.S.C. Section 1659 and supporting papers; Plaintiffs' response to that Motion is due no later than June 22, 2007.  Finally, on June 6, 2007, Defendant Heartland Packaging Corporation filed a Motion to Join And Adopt As Its Own Defendants U.S. Niutang Chemical, Inc., Changzhou Niutang Chemical Plant Co., Ltd., Guangdong Food Industry Institutes, and L&P Ingredient Co., Ltd.'s Motions To Stay Pursuant To 28 U.S.C. Section 1659; Plaintiffs' response to that Motion is due no later than June 23, 2007.

Plaintiffs instant Opposition in Part is directed to each of the above-identified Motions.

### III.    ARGUMENT

#### A.    The Moving Defendants' Requested Stay is Over-Broad, Restrictive, and not Mandated by 28 U.S.C. § 1659

Plaintiffs do not dispute that 28 U.S.C. § 1659(a) permits a party to a district court action to timely move for a stay of those proceedings with respect to any claim that involves the same issues involved in an ITC Section 337 investigation where that party is a respondent to the ITC investigation. Plaintiffs do not dispute that the Moving Defendants made such motions in a timely fashion. The statute provides:

> a) Stay. - In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action ***with respect to any claim that involves the same issues involved in the proceeding before the Commission,*** but only if such request is made within -
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659 (emphasis added).

Thus, on its face, 28 U.S.C. § 1659 only requires stay of the same issues that are involved in the ITC proceedings. However, the Moving Defendants are requesting the Court to exercise its discretion to stay aspects of the proceedings beyond what is involved in the ITC. Specifically, the Moving Defendants are asking the court to use its discretion to expand the stay to *all* defendants, not merely the Moving Defendants, with no exceptions. Moreover, the Moving Defendants are asking the Court to use it discretion to prevent the nonmoving defendants and Plaintiffs Tate & Lyle from resolving this action by default or other dispositive motion—despite

6

the inability of the ITC to resolve the district court action by rulings on default, consent, or other dispositive determination. Likewise, Defendant JSZ International, Inc. is *not* a respondent in the ITC and has no right to a stay under 28 U.S.C. § 1659. Thus, any stay precluding non-moving parties from concluding their involvement in this action through default, consent, settlement, or other dispositive rulings is beyond the scope of 28 U.S.C. § 1659.

Indeed, as the Moving Defendants recognized, this Court retains the inherent discretion to stay proceedings for purposes of judicial economy, after weighing competing interests of the parties. The Supreme Court established this discretion in *Landis v. N. American Co.*, holding that

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Numerous subsequent cases have relied on the discretion articulated in *Landis* when considering a stay of a proceeding, including those involving 28 U.S.C. § 1659. *See, e.g., Am. Honda Motor Co. v. The Coast Distrib. Sys., Inc.*, 2007 WL 672521, No. C 06-04752 JSW, at *1 (N.D. Cal. Feb. 26, 2007); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, 2005 WL 1126750, No. 5:05CV156, at *2 (N.D. Ohio April 29, 2005); *Verve, LLC v. Verifone, Inc.*, 2004 WL 2600452, No. C04-03659JF, at *1 (N.D. Cal. Nov. 15, 2004); *Micron Tech., Inc. v. Mosel Vitelic Corp.*, 1999 WL 458168, No. CIV 98-0293-S-LMB, at *4 (D. Idaho March 31, 1999).

Thus, the Court's discretionary power may limit a stay to particular issues or particular defendants. In *Micron Technology,* the court determined it was statutorily required under 28 U.S.C. § 1659 to stay particular patent infringement claims in the district court that mirrored

claims in the ITC. *Micron Tech.*, 1999 WL 458168 at *2. That provision, however, had no effect on additional patent claims that were not at issue in the ITC matter. *Id.* 28 U.S.C. § 1659 "speaks in terms of staying claims, and not specific issues that are implicated in an individual patent infringement claim." *Id.* Therefore, relying on the language of the statute, the court held that a stay with respect to these additional claims was inappropriate. *Id.* at *3. In addition the discretionary powers, outlined in *Landis*, were considered, but defendants failed to prove that a stay favored judicial efficiency and/or prevented undue hardship or injustice. *Id.* at *4-5.

Moreover, the courts have addressed the situation where parties not involved in an ITC proceeding requested a stay in a counterpart district court action. *See Am. Honda*, 2007 WL 672521 at *1. The court unequivocally held that 28 U.S.C. § 1659 "does not apply in this case…because Coast is not a party to the ITC proceeding." *Id.* Importantly, the court identified several factors to consider when deciding whether to grant a stay, including,

> (1) "possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Id.* (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The court found that the party moving for stay, Coast, did not prove any of these three factors. *Id.* at *2. Notably, with respect to the second prong, it found that "the hardship attendant with being forced to defend a lawsuit is irrelevant when considering whether to grant a stay," and, as Coast identified no other hardships, it did not meet its burden of showing a stay is warranted. *Id.*

In the instant case, the Moving Defendants have equally failed to prove why they need a broad and restrictive stay that would preclude non-moving parties from concluding their involvement in this action through default, consent, settlement, or other similar dispositive

rulings. Indeed, the only "hardship" the Moving Defendants identified is the possibility that a defendant found in default might subsequently move to vacate the default judgment and reopen the case creating "duplicative discovery and the possibility of inconsistent results." While some of the Moving Defendants have speculated that some defendants in this action might default, then later establish good cause to dissolve the default judgment after the date by which motions for stay are due under 28 U.S.C. § 1659, Plaintiff Tate & Lyle had previously agreed that it would abide by a motion for a stay by such parties that was made within the 30 day period following a decision to dissolve the default judgment. Thus, the scenario imagined by those Moving Defendants is not only speculative, it is of no consequence because Plaintiffs Tate & Lyle have already agreed to an extension of time for motions for a stay under 28 U.S.C. § 1659 if that scenario should arise.

Further, because Plaintiffs' suggested stay would eliminate parties from the proceeding—rather than perpetuate their participation against their will—Plaintiff's suggested stay achieves the purpose of assisting the "orderly course of justice in terms of simplifying" the scope of the action. *Id.*

In addition, the Moving Defendants attempt to impose their will on every other defendant, including non-moving parties, despite the fact that the moving defendants do not have standing to request a stay for other, non-moving parties. Indeed, if a non-moving party wishes to conserve resources through settlement or default, the Moving Defendants requested stay would preclude such an economization of time and resources. For example, Plaintiffs understand that Defendant CJ America is filing an Answer admitting all allegations against CJ America. And Plaintiffs understand that CJ America will not oppose a Motion for Summary Judgment and Issuance of an Injunction against CJ America. Nevertheless, the Moving Defendants seek to

impose their will on CJ America and preclude CJ America from promptly resolving its dispute with Plaintiffs and concluding its involvement in this action.

Likewise, the Moving Defendants' requested stay would preclude parties who seek to end their involvement in this action by waiving their right to appear and contest the allegations. Because Plaintiffs' suggested stay would apply to any defaulting party that subsequently has the default judgment vacated, there is absolutely no reason to prevent parties from conserving their resources through default.

Accordingly, 28 U.S.C. § 1659 does not mandate the broad and restrictive stay sought by the Moving Defendants. To the contrary, the Court may use its discretion, as delineated in *Landis* and confirmed by numerous subsequent cases, to grant an appropriate stay that would permit parties to conserve resources and streamline this action. Plaintiffs respectfully request that the Court exercise its discretion to stay this action, while still permitting: (1) conclusion of this action as to: (1) any defendants that are in default; (2) any defendants that submit to a consent order; and (3) any defendants that consent to a dispositive motion. Thus, Plaintiffs' opposition to the pending motion is very narrowly tailored and seeks to implement a stay that is well within the court's discretion.

### B.     Plaintiff's Suggested Stay Favors Judicial Economy

In line with the stated goal of the Supreme Court, Plaintiffs' suggested stay favors judicial economy. Plaintiffs' suggested stay will minimize the use of the court's resources. As outlined above, the court's discretionary power with respect to the granting of stays of proceedings directly concerns "economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. These goals are met by a stay that permits conclusion of this action as to: (1) any defendants that are in default; (2) any defendants that submit to a consent order; and (3) any defendants that consent to a dispositive motion.

These exceptions avoid unnecessary burden and cost for the Court, counsel, and litigants. Without the exceptions, a party may be forced to remain involved in a litigation from which it wishes to be removed. Indeed, a defendant may prefer to settle a litigation, rather than face uncertainty of litigation for an undetermined amount of time. Litigations are normally lengthy and costly, but the extension that a stay imposes may adversely impact a company's business. Internally, it may spend time considering the litigation and its progress, rather than developing, manufacturing, or selling new products and creating new business plans. Externally, having its name tied to a litigation may adversely influence a company's potential corporate developments, such as mergers or sales. A well-considered, cost-saving approach to resolution of a litigation allows a party to avoid the uncertainty of litigation.

Likewise, a party may chose to expend zero resources in court by never entering an appearance in a proceeding, and accept a default judgment. Again, this is a choice that may reflect a business decision that saves a would-be litigant's valuable resources. Plaintiffs note, with respect to these parties, that the only defaulting parties that Plaintiffs wish to exclude from a potential stay are those who *never* make an appearance in the proceeding. Plaintiffs do not wish deny the application of the stay to a late appearing party for whom a default judgment has been vacated. Some parties, however, may *never* make an appearance. A stay should not apply to these parties, and those parties should be able to conclude their involvement through default in order to conserve resources.

In addition to the would-be litigants, as outlined by *Landis*, attorney resources should also be considered. Similar to relieving parties from the uncertainty, pressure, and costs of litigation, these same factors apply equally to participating counsel. Each party who is terminated from the proceeding due to settlement or because they are in default is likely to rely

on the assistance of counsel. As these parties are relieved from litigation obligations, counsel's obligations are minimized as well. Accordingly, Plaintiffs' suggested stay favors economy of counsel.

Most importantly, Plaintiffs' suggested stay favors judicial economy and would save the valuable resources of the Court. Plaintiffs' suggested stay seeks *only* to minimize the size of the pending case by eliminating parties who truly do not wish to participate–either by default, consent judgment, or consent to a dispositive motion.

Moreover, there is no real prejudice to any Moving Defendants. The Moving Defendants' burdens and obligations in the litigation are unchanged whether they appear as sole defendants or in the company of one, two, or more co-defendants. The same affirmative defenses and arguments are available. The Moving Defendants' infringing activities are the same, regardless if other parties' activities are at issue.

The Court should, therefore, utilize the discretion it is permitted under *Landis* in favor of judicial economy. Indeed, the Court should not permit the Moving Defendants to dictate the litigation posture of non-moving parties. Thus, Plaintiffs respectfully request that any stay permit interim resolution of this action by motion with respect to (1) any defendants that are in default; (2) any defendants that submit to a consent order; and (3) any defendants that consent to a dispositive motion. This approach saves resources of would-be litigants, counsel, and the Court alike, without causing any prejudice to remaining defendants.

## IV. CONCLUSION

Therefore, Plaintiffs respectfully request that the court deny Defendants' far-reaching motions to stay the proceeding in its entirety.  Rather, Plaintiffs propose that the Court enter a stay of this action for the period provided under 28 U.S.C. § 1659 with respect to all parties and patents at issue in this action, subject to an explicit exemption for motions that would resolve the action with respect to (1) any defendants that are in default (subject to an extension of time to move for their own stay under 28 U.S.C. § 1659 after vaccature of a default judgment); (2) any defendants that submit to a consent order; and (3) any defendants that consent to a dispositive motion.

Dated: June 18, 2007                                    Respectfully submitted,


/s/ James E. Peckert, Esquire
James E. Peckert, Esquire
KEHART, PECKERT & BOOTH
132 South Water Street, Suite 200
Post Office Box 860
Decatur, Illinois  62525-0860
Tel. (217) 428-4689
Fax (217) 422-7950

*Attorney for Plaintiffs*

Of Counsel:

Christopher P. Foley
Thomas L. Jarvis
Eric J. Fues
James R. Barney
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on June 18, 2007, he electronically filed the Foregoing Plaintiff's Opposition In Part To Motions To Stay Brought By Defendants Beijing Forbest Chemical Co., Ltd., Beijing Forbest Trade Co., Ltd., Forbest International Usa, Llc, Changzhou Niutang Chemical Plant Co., Ltd., U.S. Niutang Chemical, Inc., Guangdong Food Industry Institute, Hebei Sukerui Science And Technology, Co., Ltd., Heartland Packaging Corporation, Jsz International, Inc., And L&P Food Ingredient Co., Ltd. with the Clerk of the United States District Court for the Central District of Illinois using the CM/ECF system which will send notification of such filing to all counsel registered with said system.

    /s/ James E. Peckert
James E. Peckert
KEHART, PECKERT & BOOTH
132 South Water Street, Suite 200
Post Office Box 860
Decatur, Illinois  62525-0860
(217) 428-4689

*Attorney for Plaintiffs*

Of Counsel:

Christopher P. Foley
Thomas L. Jarvis
Eric J. Fues
James R. Barney
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-40000