UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **TATE & LYLE SUCRALOSE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-2050 |
| **HEBEI SUKERI SCIENCE AND** ) | |
| **TECHNOLOGY CO., LTD., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In March 2007, Plaintiffs Tate & Lyle Technology Limited (hereinafter "T&L Technology") and Tate & Lyle Sucralose, Inc. (hereinafter "T&L Sucralose"), filed a Complaint (#1) against Defendant AIDP, Inc., among others. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claims arise under the patent laws of the United States.

Defendant AIDP, Inc. (hereinafter "AIDP"), filed a Motion To Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and Improper Venue (#41) in June 2007. After reviewing the pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue **(#41)** be **GRANTED**.

## I. Background

Plaintiffs alleged the following information in their complaint. Plaintiff T&L Technology is a private limited company incorporated and registered in England, with its registered office in London, United Kingdom. (#1, ¶ 5.) Plaintiff T&L Sucralose is a Delaware corporation with its principal place of business in Decatur, Illinois. (#1, ¶ 5.) Plaintiff T&L Sucralose is engaged in the business of researching, developing, manufacturing, and selling the food and beverage sweetener, sucralose. (#1, ¶ 7.) Plaintiff T&L Technology owns the '463

patent issued December 25, 1990, entitled "Sucrose-6-Ester Chlorination."  (#1, ¶ 40.)  The '463 patent discloses and claims processes for chlorinating sucrose-6-esters to make sucralose-6-esters.  (#1, ¶ 41.)  Plaintiff T&L Technology also owns the '709 patent issued March 12, 1996, entitled "Production of Sucralose Without Intermediate Isolation of Crystalline Sucrose-6-Ester."  (#1, ¶ 47.)  The '709 patent discloses and claims processes for producing sucralose.  (#1, ¶ 48.)

Plaintiff T&L Technology has not authorized any of the Defendants to practice the '463 or '709 patents.  (#1, ¶¶ 42, 49.)  Subsequent to the issuance of the '463 and '709 patents, Defendant AIDP imported, offered to sell, and/or sold sucralose made by processes patented in the '463 and '709 patents within the United States and the State of Illinois.  (#1, ¶¶ 45, 51.)  Defendant is still infringing on at least one claim of the '463 and '709 patents under 35 U.S.C. § 271(g) by importing, offering to sell, selling, or using sucralose-6-esters and sucralose in the United States and the State of Illinois.  (#1, ¶¶ 46, 52.)  Plaintiffs also alleged that AIDP has conducted business, caused injury to Plaintiffs, and infringed the '463 and '709 patents "in this judicial district."  (#1, ¶ 37.)  Plaintiffs seek damages "adequate to compensate it for [AIDP's] infringement" and seeks to permanently enjoin AIDP from further infringing the '463 and '709 patent.  (#1, p. 13.)

As part of its motion to dismiss, AIDP filed an affidavit containing the following information.  AIDP is a California corporation with its principal place of business in City of Industry, California.  (Lee Aff., #41-1, ¶ 2.)  AIDP is not registered to do business, nor does it maintain any office, manufacturing facilities, bank accounts, telephones, or telephone listings in the State of Illinois.  (#41-1, ¶¶ 4-5.)  AIDP has no sales or marketing agents or representatives in the State of Illinois.  (#41-1, ¶ 7.)  AIDP's products, including the allegedly infringing products, are not the subject of any promotion, advertising, or marketing effort to exploit the Illinois market.  (#41-1, ¶ 8.)  AIDP neither transacts business nor contracts to sell the allegedly infringing products in the State of Illinois.  (#41-1, ¶ 9.)  AIDP has not directed commercial or

advertising activities nor solicited sales of any of its products in Illinois. (#41-1, ¶¶ 12-13.) Since its establishment in 1996, AIDP has sold about $800,000 worth of products in Illinois and none of those products were related to the alleged infringing products. (#41-1, ¶ 15.) These sales constituted less than 1% of its total revenue between the years 1996 and 2007. (#41-1, ¶ 15.)

## II. Standard

When considering a motion to dismiss, the court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the nonmoving party. *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004). The court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Id.*

A motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. FED. R. CIV. P. 12(b)(2). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). In ruling on a motion to dismiss for lack of personal jurisdiction, courts are not limited to the facts set forth in the complaint, but rather may receive and consider affidavits from both parties. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). When deciding such a motion solely on the basis of the parties' written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction and is entitled to have all inferences about material jurisdictional facts resolved in its favor. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

## III. Analysis

Defendant argues that this Court should dismiss the complaint because $800,000 of product sales in Illinois unrelated to the infringement claim and a website permitting Illinois customers to place orders via the internet do not establish the kind of minimum contacts necessary to allow a federal court in Illinois to exercise personal jurisdiction over a California corporation with its principal place of business in California. Based on the same facts, in

addition to the discovery of a delivery of a sample of sucralose to a customer in Illinois, Plaintiffs contend that the Court should deny Defendant's motion to dismiss.

To determine whether personal jurisdiction exists, courts must consider:  (1) whether the Illinois long-arm statute authorizes the exercise of personal jurisdiction over the defendant, and (2) whether the exercise of personal jurisdiction would comport with due process.  *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200-01 (Fed. Cir. 2003).  In determining whether to exercise personal jurisdiction over an out-of-state accused patent infringer, courts rely on Federal Circuit law rather than the law of the regional circuit in which the case arose.  *Akro Corp. v. Lukor*, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

### A.  Illinois Long Arm Statute

Both parties agree that the catch-all provision of the Illinois long-arm statute allows Illinois courts to exercise personal jurisdiction to the maximum extent permitted by either the Illinois or Federal Constitution.  *See* 735 ILL. COMP. STAT. 5/2-209(c) (2006).  Consequently, the Illinois long-arm statute reaches any defendant that federal due process will allow and "the two-step inquiry folds into one:  whether an exercise of personal jurisdiction . . . would offend [d]ue [p]rocess."  *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

### B.  Due Process

"Due process requires only that . . . [defendant] have certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  *See also Akro Corp.*, 45 F.3d at 1545 (applying the "minimum contacts" test to federal question cases arising under patent laws).  A plaintiff may establish personal jurisdiction where the Court has (1) specific jurisdiction based on claims relating to or arising out of the defendant's contacts with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), or (2) general jurisdiction based on contacts of a "continuous and systematic nature," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Defendant AIDP argues that Plaintiffs have failed to establish specific jurisdiction or general jurisdiction as to AIDP.

### 1.  Specific Jurisdiction

Defendant AIDP first argues that the Court cannot exercise personal jurisdiction over AIDP based on specific jurisdiction.  The Federal Circuit has outlined a three-prong test for determining whether a defendant has sufficient minimum contacts to establish specific jurisdiction.  Courts must consider:  (1) whether the defendant purposefully directed its activities toward residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair.  *3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).

In this case, Defendant contends that the only contact they had with Illinois was selling $800,000 worth of products unrelated to the claims at issue in this case over a period of eleven years, totaling 1% of their total revenues, to a company in Illinois.  In response to Defendant's motion, Plaintiffs state in their memorandum that AIDP has also delivered a free sample of the product at issue in this action directly to a customer in Illinois.  (#48, p. 5.)  Moreover, Plaintiffs state that Defendant maintains a website which "solicits all customers, including Illinois residents, to inquire about sales."  (#48, p. 6.)  Plaintiffs contend that these activities provide grounds for the Court to exercise specific jurisdiction over Defendant.  The Court disagrees.  Based on the information available to the Court at this time, Defendant's contacts do not rise to the level required for specific jurisdiction.

As to the first prong, Plaintiffs have failed to establish that Defendant's activities were "purposefully directed" at Illinois residents.  According to Plaintiffs, Defendant sent one free sample of sucralose to an Illinois address.  Relevant case law shows that sending one free sample into the forum state is not enough to indicate purposeful availment.  In *Hildebrand v. Steck Mfg. Co., Inc.*, the court found that the inclusion of a free sample, that was not for sale, "was intended

only to generate [the recipient's] interest in purchasing the design," and would not "create a constitutionally adequate basis for personal jurisdiction." *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002). In *Amazon.com v. Kalaydjian*, the court faced a set of facts very similar to the instant case. *Amazon.com, Inc. v. Kalaydjian*, No. C00-1740R, 2001 WL 491752, at *4 (W.D. Wash. Feb. 21, 2001) (unreported). In that case, the defendant's contacts included operating a website accessible worldwide and sending one free sample of its product to the forum state. *Id.* The court found that these contacts did not establish purposeful availment within the forum state. *Id.* Specifically regarding the free sample sent into the forum state, the court found that "this isolated act is insufficient to establish the type of purposeful availment activity required to hold that [the defendant] is subject to jurisdiction in [the forum state]." *Id.*

Plaintiffs also argue that Defendant's website "provides a forum by which customers and/or potential customers can inquire about sales." (#48, p. 6.) Plaintiffs contend this website targets Illinois residents. However, the mere existence of a website that makes an infringing product available for purchase is not enough to establish personal jurisdiction. *See Trintex Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000). Thus, the fact that Defendant maintains a website available to Illinois residents is insufficient to establish personal jurisdiction.

This Court concludes that Plaintiffs have failed to establish the first element required for specific jurisdiction, that Defendant purposefully directed its activities toward residents of the forum. Accordingly, Plaintiffs have failed to establish that the Court has personal jurisdiction over Defendant based on specific jurisdiction.

### 2. General Jurisdiction

Defendant AIDP next argues that the Court cannot exercise jurisdiction over AIDP based on general jurisdiction.

As noted above, general jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the claim is unrelated to those contacts. *See Helicopteros Nacionales*, 466 U.S. at 416. Thus, a corporation's contacts with a forum must be both continuous and so substantial and of such a nature to justify the exercise of general jurisdiction over it. *Int'l Shoe*, 326 U.S. at 318. *Compare Stairmaster Sports/Med. Prods., Inc. v. Pac. Fitness Corp.*, 916 F. Supp. 1049, 1053 (W.D. Wash. 1994) (no general jurisdiction where out-of-state corporation shipped unrelated products into forum state which constituted 3% of total sales volume), *aff'd*, 78 F.3d 602 (Fed. Cir. 1996), *and Merck & Co., Inc. v. Barr Labs.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002) (holding that less than 1% of total revenue amounting to $991,000 is insufficient to establish general jurisdiction), *with LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (finding that the court had general personal jurisdiction over out-of-state corporation that made millions of dollars of sales in-state and had a "broad distributorship network" in-state).

Here, Plaintiffs have not shown that Defendant's activities are continuous and systematic enough to justify the exercise of general personal jurisdiction. Even assuming Defendant's contacts are continuous, they are still not "substantial." Defendant's in-state sales of $800,000 of unrelated products between 1996 and 2007 constituted less than 1% of its total revenue during that time. Consistent with the facts in the cases cited above, Defendant's small percentage and relatively limited volume of sales in Illinois do not constitute substantial contacts.

Plaintiffs argue that Defendant's website, through which customers and potential customers are invited to inquire about sales, provides for continuous and systematic contacts with Illinois. However, as stated above, the mere existence of a website that makes an infringing product available for purchase is not enough to establish personal jurisdiction. *See Trintex Indus., Inc.*, 395 F.3d at 1281; *GTE New Media Servs. Inc.*, 199 F.3d at 1349.

Plaintiffs' allegations related to personal jurisdiction are not sufficient. Defendant AIDP has filed an affidavit testifying to the extent of its contacts with Illinois. In light of that factual information, and Plaintiffs' response to Defendant's motion to dismiss, Plaintiffs have not

provided any testimony or allegations that establishes Defendant's minimum contacts with Illinois. Thus, Plaintiffs have failed to make a *prima facie* showing that the Court can exercise personal jurisdiction over Defendant AIDP and the Court recommends granting Defendant's motion to dismiss for lack of personal jurisdiction.

### C.  Venue

Because the Court has determined that it does not have jurisdiction over Defendant AIDP, it need not address the issue of improper venue.

### D.  Jurisdictional Discovery

In their memorandum in opposition to Defendant's motion to dismiss, Plaintiffs state that "[general] discovery from AIDP [ ] may reveal additional bases of jurisdiction." (#48, p. 7.)

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The general rule where jurisdictional facts are contested is that the party asserting jurisdiction be allowed to conduct discovery of facts related to jurisdiction. *Barrett v. Nicholson*, 466 F.3d 1038, 1042-43 (Fed. Cir. 2006). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). Conversely, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*

Plaintiffs alluded to jurisdictional discovery, but did not expressly request the Court to grant Plaintiffs leave to perform it. Accordingly, the Court cannot rule on this issue.

### IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Improper Venue **(#41)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in

writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objection on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 19th day of July, 2007.

                                                                s/ DAVID G. BERNTHAL
                                                               U.S. MAGISTRATE JUDGE