UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **TATE & LYLE TECHNOLOGY LIMITED** and **TATE & LYLE SUCRALOSE, INC.,**  Plaintiffs, v. **AIDP, INC., BEIJING FORBEST CHEMICAL CO., LTD., BEIJING FORBEST TRADE CO., LTD., FORBEST INTERNATIONAL USA, LLC, CHANGZHOU NIUTANG CHEMICAL PLANT CO., LTD., U.S. NIUTANG CHEMICAL, INC., CJ AMERICA, INC., FORTUNE BRIDGE CO., INC., GREMOUNT INTERNATIONAL CO., LTD., GUANGDONG FOOD INDUSTRY INSTITUTE, HEBEI PROVINCE CHEMICAL INDUSTRY ACADEME, HEBEI RESEARCH INSTITUTE OF CHEMICAL INDUSTRY, HEBEI SUKERUI SCIENCE AND TECHNOLOGY, CO., LTD., HEARTLAND PACKAGING CORPORATION, JSZ INTERNATIONAL, INC., L&P FOOD INGREDIENT CO., LTD., LIANYUNGANG NATIPROL (INT'L) CO., LTD., NU-SCAAN NUTRACEUTICALS, LTD., PROFOOD INTERNATIONAL, INC., RULAND CHEMISTRY CO., LTD., SHANGHAI AURISCO INTERNATIONAL TRADING CO., LTD., VIVION, INC., and ZHONGJIN PHARMACEUTICAL (HONG KONG) CO., LTD.,**  Defendants. | Case No. 07-2050 |

## REPORT AND RECOMMENDATION

Plaintiffs initiated this action for patent infringement by filing a complaint (#1). Defendant Vivion, Inc. filed an answer (#66). On October 9, 2008, Plaintiffs Tate & Lyle Sucralose Inc.'s and Tate & Lyle Technology Limited's Motion for Summary Judgment of Infringement and Issuance of a Permanent Injunction Against Vivion, Inc. (#68) was filed. That motion is presently before the Court. Defendant Vivion, Inc. did not file any response. On December 12, 2008, Plaintiffs' Addendum to Motion for Summary Judgment (Re: Vivion, Inc. (D/E 68)) (#71) was filed.

The undersigned has carefully reviewed the complaint (#1). Defendant Vivion, Inc.'s answer (#66), the motion (#68), and addendum (#71). It is clear from that review that there are no contested material facts regarding the allegations of infringement as they pertain to Defendant Vivion, Inc. Plaintiffs point out that Defendant Vivion, Inc. does not challenge Plaintiffs' entitlement to judgment. In fact, the following statement is contained in the motion: "Subsequent to the service of the Complaint in this action on Defendant Vivion, Inc. ("Vivion"), Tate & Lyle and Vivion agreed on the facts set forth in this Motion and the proposed form of order."

(#68, p. 2). In addition, Paragraph 14 of the Undisputed Material Facts states:

> Upon entry of summary judgment that all of Vivion's offers for sale and sales of sucralose products prior to receipt of service of the Complaint have infringed the Asserted Patents and after issuance of injunctive relief as set forth in the form of order attached to the Motion, Tate & Lyle will waive its pending prayer for monetary damages arising from Vivivon's disclosed offers for sale of sucralose products.

(#68, p. 4).

The undersigned's initial reading of the cited paragraphs raise the possibility that the parties had actually settled the case, making consideration of the motion for summary judgment unnecessary. Plaintiffs reject that notion and argue that they are entitled to summary judgment as to Defendant Vivion, Inc.

Given the admissions by Vivion, the undersigned agrees that there are no material facts in dispute between Plaintiffs and Defendant Vivion. Accordingly, Plaintiffs are entitled to summary judgment in their favor and against Defendant Vivion. Clearly, admissions by Defendant Vivion are not binding upon the other parties. In recommending the grant of Plaintiffs' motion, the undersigned is not making findings. Should the Court follow the recommendation and grant summary judgment, the Court will not be making findings of fact that have preclusive effect as to the remaining Defendants.

Because there is no dispute between Plaintiffs and Defendant Vivion, Inc., as to the material facts, I recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiffs Tate & Lyle Sucralose Inc.'s and Tate & Lyle Technology Limited's Motion for Summary Judgment of Infringement and Issuance of a Permanent Injunction Against Vivion, Inc. **(#68)** be **GRANTED** and summary judgment be entered in favor Plaintiffs and against Defendant Vivion, Inc.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 26th day of February, 2009.

                                                         s/ DAVID G. BERNTHAL
                                                         U.S. MAGISTRATE JUDGE